**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **INDU LLC,** ) | |
| **d/b/a INTIGROW,** ) | |
| **2760 Peachtree Industrial Boulevard,** ) | |
| **Suite D,** ) | **COMPLAINT FOR DECLARATORY** |
| **Duluth, GA 30097,** ) | **AND INJUNCTIVE RELIEF AND FOR** |
| ) | **WRIT OF MANDAMUS** |
| **and** ) | |
| ) | **CIVIL ACTION NO. _____** |
| **KISHOR SHANKARRAO MANE,** ) | |
| **3360 Greenfern Court,** ) | **ALIEN NO.: A099992167** |
| **Alpharetta, GA 30004,** ) | |
| ) | **AGENCY CASE NUMBER:** |
| **Plaintiffs,** ) | **SRC1318651117** |
| ) | |
| **v.** ) | **REQUEST FOR ORAL ARGUMENT** |
| ) | |
| **JEH JOHNSON, Secretary, U.S.** ) | |
| **Department of Homeland Security, in** ) | |
| **his official capacity as well as his** ) | |
| **successors and assigns,** ) | |
| **245 Murray Lane, S.W.,** ) | |
| **Building 410,** ) | |
| **Washington, D.C. 20528,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **ERIC HOLDER, Attorney General of the** ) | |
| **United States, in his official capacity as** ) | |
| **well as his successors and assigns,** ) | |
| **U.S. Department of Justice,** ) | |
| **950 Pennsylvania Avenue, N.W.,** ) | |
| **Washington, D.C. 20530,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **JAMES B. COMEY, Director,** ) | |
| **Federal Bureau of Investigation,** ) | |
| **in his official capacity, as well as his** ) | |
| **successors and assigns,** ) | |
| **J. Edgar Hoover Building,** ) | |
| **935 Pennsylvania Avenue N.W.,** ) | |
| **Washington, D.C. 20535,** ) | |
| ) | |
| **and** ) | |
| ) | |
| ) | |

**LEON RODRIGUEZ, Director, U.S.**          )
**Department of Homeland Security, U.S.**   )
**Citizenship and Immigration Services,**   )
**in his official capacity, as well as his** )
**successors and assigns,**                 )
**20 Massachusetts Avenue, N.W.,**          )
**Washington, D.C. 20529,**                 )
                                            )
         **and**                            )
                                            )
**DONALD NEUFELD, Associate**               )
**Director, Service Center Operations**     )
**Directorate,**                            )
**U.S. Department of Homeland Security,**   )
**U.S. Citizenship and Immigration**        )
**Services, in his official capacity as well** )
**as his successors and assigns,**          )
**20 Massachusetts Avenue, N.W.,**          )
**Washington, D.C. 20529,**                 )
                                            )
         **and**                            )
                                            )
**GREGORY A. RICHARDSON, Director,**        )
**Texas Service Center,**                   )
**U.S. Department of Homeland Security,**   )
**U.S. Citizenship and Immigration**        )
**Services, in his official capacity as well** )
**as his successors and assigns,**          )
**4141 St. Augustine Road,**                )
**Dallas, TX 75227,**                       )

         **Defendants.**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS

Plaintiffs, Indu LLC d/b/a Intigrow ("Plaintiff-Petitioner") and Kishor Shankarrao Mane ("Plaintiff-Beneficiary"), through undersigned counsel, allege as follows:

### I. INTRODUCTION

1.      This civil action seeks to compel unreasonably delayed government action on the adjudication of the Form I-140 Immigrant Petition for Alien Worker ("I-140 Petition") properly filed by Plaintiff-Petitioner on June 14, 2013.  This I-140 Petition was filed and remains in the jurisdiction of U.S. Citizenship and Immigration Services ("USCIS"), which has improperly

withheld action on the I-140 Petition for **more than 400 days**, to Plaintiffs' detriment.

2.        8 C.F.R. §103.7(e) provides that a person applying for certain employment-based immigration benefits with USCIS may request "15 calendar day processing."  If a case cannot be processed within that time frame, "USCIS will refund the premium processing service fee, but continue to process the case." 8 C.F.R. §103.7(e)(2)(i).

3.        The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

4.        This action seeks injunctive and mandamus relief to compel USCIS to adjudicate Plaintiffs' I-140 Petition.  The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.   A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

5.        Plaintiffs have made inquiries with USCIS regarding the delayed adjudication of the I-140 Petition, without success.  Plaintiffs have not been advised of any specific problem, issue, or question about their filings.  Instead, Plaintiffs have simply had to wait, indefinitely, with no end in sight.

6.        As a result, Plaintiffs suffer the hardships of unreasonably and unlawfully delayed adjudication, as detailed further herein.

7.        This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiff-beneficiary's National Name Check Program ("NNCP") clearance, which may be contributing to the unreasonably delayed adjudication of Plaintiffs' Petition.

8.        Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and adjudicate the subject I-140 Petition within fourteen (14) days of an Order of this Court.

9.        Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II. JURISDICTION

10.      This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (Immigration and Nationality Act) (including 8 U.S.C. §§1151, 1154 and 1255), and 8 U.S.C. §1571 (Immigration Services and Infrastructure Improvements Act of 2000); and (2) 28 U.S.C. §1361 (Mandamus Act).  This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA), 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

## III. VENUE

11.      Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a.  Defendant Secretary Jeh Johnson is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of the DHS and its sub-agency USCIS, which are both headquartered in the District of Columbia.  Defendant Johnson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b.  Defendant Attorney General Eric Holder is an officer of the Department of Justice ("DOJ"), and is responsible for the operation of the DOJ and its sub-agency, the FBI, which are both headquartered in the District of Columbia.  Defendant Holder performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c.  Defendant Director James B. Comey is an officer of the DOJ and Director of the FBI, which is headquartered in the District of Columbia.  Defendant Comey performs a

significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d.    Defendant Leon Rodriguez is an officer of the DHS and is the Director of the USCIS, which is headquartered in the District of Columbia.  Defendant Rodriguez performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e.    Defendant Donald Neufeld is an officer of the DHS and is the Associate Director, Service Center Operations Directorate of the USCIS, which is headquartered in the District of Columbia.  Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

f.    Defendant Gregory A. Richardson is an officer of the DHS and USCIS. Defendant Richardson is the Director of the USCIS Texas Service Center.   Defendant Richardson retains jurisdiction over the I-140 Petition in question, subject to the discretion of Defendant Rodriguez, who resides in the District of Columbia;

g.   A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS, DOJ, FBI, and USCIS, which are all headquartered in the District of Columbia; and

h.   Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.[1]

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C.

12.      Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit petitions and applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

## IV. PARTIES

13.      Plaintiff-petitioner, Indu LLC d/b/a Intigrow, is a Limited Liability Company headquartered at 2760 Peachtree Industrial Boulevard, Suite D, Duluth, Georgia 30097.  *See* Affidavit of Sarah Nabi, Human Resources Manager, dated June 3, 2014, a copy of which is attached and incorporated hereto as Exhibit A.

14.      Plaintiff-beneficiary, Kishor Shankarrao Mane, is an adult individual who is a national of India and resides lawfully in the United States.  He resides at 3360 Greenfern Court, Alpharetta, Georgia 30004.  *See* Driver's License of Kishor Shankarrao Mane, a copy of which is attached and incorporated hereto as Exhibit B.

15.      Jeh Johnson is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA.  He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within the DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

16.      Eric Holder is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is a sub-agency within the U.S. Department of Justice.   More specifically, Mr. Holder is

1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

responsible for overseeing the timely completion of all requests made by the USCIS for security clearances, including screenings by the FBI's National Name Check Program, which is mandated by Executive Order No. 10450.  Presently, every intending immigrant must pass an FBI NNCP screening before his or her I-140 Petition can be approved.   The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C.  20530.

17.     James B. Comey is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings.  The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.

18.     Leon Rodriguez is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the Immigration and Nationality Act, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is specifically assigned the adjudication of I-140 Petitions.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

19.     Donald Neufeld is the Associate Director, Service Center Operations at USCIS.  He is generally charged with overseeing the activities of all four (4) USCIS service centers located in Laguna Niguel, California; Dallas, Texas; Lincoln, Nebraska; and St. Albans, Vermont. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

20.     Gregory A. Richardson is the Director of the USCIS Texas Service Center of the USCIS located at 4141 North St. Augustine Road, Dallas, TX 75227 and is named herein only in his official capacity, as well as his successors and assigns.  The I-140 Petition in question was properly filed by Plaintiff-petitioner with the USCIS Texas Service Center on June 14, 2013.  *See* Exhibit A.

## V.  STATEMENT OF FACTS

**A.      Process to Become a Lawful Permanent Resident**

21.      An alien residing in the U.S. must complete a multi-step process to become a Lawful Permanent Resident ("LPR") based on an employment opportunity.   The intending immigrant's actual or potential employer initiates the first two stages.   First, the employer files an Application for Alien Employment Certification, also known as a Labor Certification application ("LC"), with the U.S. Department of Labor ("DOL") by filing the ETA Form 9089.   The DOL grants certification when it has been shown to their satisfaction that there are insufficient qualified U.S. workers available and willing to perform the job offered in the area of intended employment.   *See* 8 U.S.C. §1182(a)(5)(A).   *See also*, 69 Fed. Reg. 77326 (Dec. 27, 2004).

22.      Second, if the DOL grants the Labor Certification requested, the employer must then file an I-140 Petition with USCIS on behalf of the intending immigrant based on the job offer certified by the DOL.   The intending immigrant is referred to as the "beneficiary" of the I-140 Petition.   USCIS examines evidence filed with the petition to determine eligibility for the benefit requested.   *See* 8 U.S.C. §§1153(b) and 1154(b) (stating "the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition…is eligible for preference under subsection (a) or (b) of section 1153 of this title, approve the petition").   The responsibility for adjudication of the I-140 Petition was transferred to DHS and USCIS in substitution for the Attorney General. *See* 6 U.S.C. §271(b) (assigning the Director of USCIS the task of adjudicating petitions and applications for immigration benefits.)

23.      The I-140 Petition can be filed with a Form I-907, Request for Premium Processing Service ("I-907"), and an additional $1,225 fee.   If accepted, USCIS agrees to adjudicate the I-140 Petition within 15 calendar days.   *See* 8 C.F.R. §103.7(e).

24.      8 C.F.R. §103.7(e) provides that a person applying for certain employment-based immigration benefits with USCIS may request "15 calendar day processing."   If a case cannot be processed within that time frame, "USCIS will refund the premium processing service

fee, but continue to process the case." 8 C.F.R. §103.7(e)(2)(i).

25.     Next, the intending immigrant files an I-485 Application to adjust status to become an LPR.   This may be filed concurrently with the I-140 Petition.   *See* 8 C.F.R. §245.2(a)(2)(i).   An approved I-140 Petition is a prerequisite to the approval of the I-485 application.   *See* 8 U.S.C. §1255(a).

**B.     Case History**

26.     On or about August 19, 2011, Plaintiff-petitioner filed the ETA Form 9089, Application for Permanent Employment Certification ("ETA-9089") on Plaintiff-beneficiary's behalf.   *See* Exhibit C.

27.     Once DOL certified the ETA-9089, Plaintiff-petitioner filed the I-140 Petition on Plaintiff-beneficiary's behalf based on the certified ETA-9089 (Receipt Number SRC1318651117). *See* Exhibit A and Exhibit D.

28.     Plaintiff-petitioner properly filed the I-140 Petition to USCIS with the Form I-907, and the $1,225 fee, to request USCIS to adjudicate it within fifteen calendar days.   *See* Exhibit D.

29.     On or about June 14, 2013, USCIS issued a Receipt Notice on Form I-797, Notice of Action, stating the "Notice Type: Premium Processing Receipt Notice," and indicating that the I-140 Petition had "been received and accepted as a Premium Processing case," and assigning the case a receipt number.   *See* Exhibit D.

30.     Due to extreme delays, the Plaintiffs' I-140 Petition is still pending with USCIS. *See* Exhibit A and Exhibit D.

31.     It has now been **over 400 days** since Plaintiffs properly filed the I-140 Petition with USCIS.

32.     Plaintiffs have completed all steps required regarding these cases.   *See* Exhibit A and Exhibit D.

33.     Plaintiffs have not been asked by Defendants to respond to any Request for Evidence or Notice of Intent to Deny in connection with this I-140 Petition.   *See* Exhibit A.

**D.      USCIS and FBI Background Security Checks**

34.      Once any application or petition for an immigration benefit is filed, which includes I-140 Petitions, USCIS and the FBI conduct mandatory criminal and national security background checks before an adjudication of the petition or application is completed.  *See* USCIS Form I-140 National Stakeholder Engagement, dated August 23, 2011, at page 37, a copy of which is attached and incorporated hereto as Exhibit F.

35.      These background security checks include the FBI Name Check, which is part of the NNCP.  *See* Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as Exhibit F.

36.      In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found.  *See* Exhibit F, page 2.

37.      The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded.   Initial responses to the NNCP check are generally available within two (2) weeks.   In eighty percent (80%) of Applications, no "match" or derogatory information is found.  Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months.  *See* Exhibit F, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

38.      The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours.   Of the remaining cases, a secondary check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases.  Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information.  *See* Declaration of Michael A. Cannon, dated April 13, 2007, at pages

5-6, a copy of which is attached and incorporated hereto as Exhibit G.

39.     On March 4, 2009, USCIS issued an update on the FBI Name Check Backlogs, indicating that much of the backlog has been eliminated.  The Update indicated that by the end of June 2009, the FBI will have completed 98% of USCIS Name Check requests within 30 days, and process the remaining two within three months.  *See* USCIS Update on FBI Name Check backlogs, March 4, 2009, a copy of which is attached and incorporated hereto as Exhibit H.

**E.      Exhaustion of Administrative Remedies**

40.     Plaintiff-petitioner has made requests regarding the status of the I-140 Petition, as reflected in Exhibit A, including:

> a.  To the best of their recollection, Plaintiff-petitioner's attorney, Bonnie Youn, called the USCIS National Customer Service Center approximately three times to ask about the status of the I-140 Petition.  *See* Exhibit A.
>
> b.  On or about April 4, 2014, Attorney Youn emailed the Texas Service Center Premium Processing Unit, requesting an update on the status of the I-140 Petition, or a refund of the $1,225 fee paid with the I-907 for 15-day adjudication.  *See* Exhibit A and Exhibit I.

41.     Despite these repeated attempts, Plaintiffs' I-140 Petition has not been adjudicated, due to Defendants' delay.  *See* Exhibit A and Exhibit D.

42.     Defendants' unreasonable delay in completing this review is preventing Plaintiff-beneficiary from becoming an LPR and, eventually, a U.S. citizen.  *See* Exhibit A and Exhibit D.

43.     Plaintiffs have suffered a number of other hardships as a result of the agency's delay in processing their cases.  *See* Exhibit A.

44.     Defendants' delay in processing Plaintiffs' I-140 Petition has been a burden for Plaintiffs.  Plaintiffs are unable to plan for the future.  *See* Exhibit A.

45.      There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

## VI. CLAIMS FOR RELIEF

### Count I

### (Violation by DHS/USCIS of 5 U.S.C. §555(b))

46.      Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

47.      Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C. §551(13).

48.      The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

49.      A court may "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

50.      Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiffs' I-140 Petition, and to do so within a reasonable time.

51.      Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiffs' I-140 Petition.  *See* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications).

52.      Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Petition, not the grant or denial of this filing.

53.      8 C.F.R. §103.7(e) provides that a person applying for certain employment-based immigration benefits with USCIS may request "15 calendar day processing."  If a case

cannot be processed within that time frame, "USCIS will refund the premium processing service fee, but continue to process the case." 8 C.F.R. §103.7(e)(2)(i).

54.      The INA indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits such as I-140 Petitions is within 180 days of initial filing.   *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application (which includes I-140 Petitions) should be completed not later than 180 days after the initial filing of the application).

55.      USCIS' delay in adjudication of Plaintiffs' I-140 Petition of over 400 days since the subject case was filed is unreasonable and in violation of the 8 C.F.R. §103.7(e) and the APA.

56.      Plaintiffs have exhausted their administrative remedies.

57.      USCIS' unreasonable and unlawful delay in adjudication of Plaintiffs' I-140 Petition has caused, and is causing, Plaintiffs ongoing and substantial injuries.

**Count II**

**(Mandamus Action to Compel an Officer of DHS/USCIS to Perform his Duty)**

58.      Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

59.      Plaintiffs assert claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

60.      USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-140 Petition.   *See*, *e.g.,* 8 U.S.C. §1153(b) (assigning the task of adjudicating petitions and mandating approval upon establishing eligibility), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications).

61.      USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-140 Petition within a reasonable time.

62.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Petition, not the grant or denial of this filing.

63.     8 C.F.R. §103.7(e) provides that a person applying for certain employment-based immigration benefits with USCIS may request "15 calendar day processing."  If a case cannot be processed within that time frame, "USCIS will refund the premium processing service fee, but continue to process the case." 8 C.F.R. §103.7(e)(2)(i).

64.     The INA indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits such as I-140 Petitions is within 180 days of initial filing.  *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application (which includes I-140 Petitions) should be completed not later than 180 days after the initial filing of the application).

65.     Against these standards, DHS/USCIS have failed to adjudicate the subject I-140 Petition within a reasonable period of time, considering that over 400 days have passed since Plaintiffs filed the I-140 Petition in question.

66.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty, since Plaintiffs have contacted USCIS without results or indication of when adjudication of these cases might be forthcoming.

67.     Plaintiffs ask the Court to compel DHS Secretary Jeh Johnson, USCIS Director Leon Rodriguez, Associate Director Donald Neufeld, and Director Gregory A. Richardson to perform their duties and adjudicate Plaintiffs' Petition.

68.     USCIS' unreasonable and unlawful delay in adjudication of the subject I-140 Petition has caused, and is causing, Plaintiffs ongoing and substantial injury.

**Count III**

**(Violation by DOJ/FBI of 5 U.S.C. §555(b))**

69.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth

herein.

70.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C. §551(13).

71.     The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

72.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

73.     Defendant FBI has a mandatory, non-discretionary duty to complete all USCIS-requested NNCP name and background security checks.  *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. §335.2(b).

74.     Defendant FBI has a mandatory, non-discretionary duty to complete USCIS-requested NNCP name and background security checks within a reasonable time.

75.     Plaintiffs' Complaint challenges only the reasonableness of Defendants' delay or inaction in the completion of the NNCP and background security checks on the subject I-140 Petition, not the grant or denial of this filing.

76.     Defendant FBI's delay in completing these NNCP name and background security checks is unreasonable and therefore in violation of the APA, considering that over 400 days have passed since Plaintiffs filed the I-140 Petition in question, which is far in excess of the average time it takes the FBI to complete a name check.

77.     Defendant FBI's unreasonable delay in completing the NNCP name and background security checks for the subject I-140 Petition is preventing adjudication by USCIS.

78.     Plaintiffs have exhausted their administrative remedies.

79.     The FBI's unreasonable and unlawful delay in completion of the NNCP name and background security checks for the subject I-140 Petition has caused, and is causing, Plaintiffs ongoing and substantial injuries.

**Count IV**

**(Mandamus Action to Compel an Officer of DOJ/FBI to Perform his Duty)**

80.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

81.     Plaintiffs assert a claim for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

82.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name and background security checks for the subject I-140 Petition.  *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

83.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name and background security checks for the subject I-140 Petition within a reasonable time.

84.     Plaintiffs have a clear and certain right to have the NNCP name and background security checks for the subject I-140 Petition completed within a reasonable period of time.

85.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the completion of these NNCP and background security checks, and adjudication of the subject I-140 Petition, not the grant or denial of these cases.

86.     The FBI has failed to complete the NNCP name and background security checks on the subject I-140 Petition within a reasonable period of time, considering that over 400 days have passed since Plaintiffs filed the I-140 Petition in question. This time period is far in excess of the average time it takes the FBI to complete a Name Check or other background security checks.

87.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty.

88.       Plaintiffs ask this Court to compel Defendants Attorney General Eric Holder and FBI Director James B. Comey to complete the FBI National Name Check Program clearances and any other background security check clearances on the subject I-140 Petition, which is required for the USCIS to adjudicate this I-140 Petition.

89.       The FBI's unreasonable and unlawful delay in completion of these NNCP name and any other background security checks has caused, and is causing, Plaintiffs ongoing and substantial injuries.

## VII. INJURIES TO PLAINTIFFS

90.       The USCIS' unreasonable delay in adjudicating the subject I-140 Petition is causing Plaintiffs substantial harm.  Plaintiffs are unable to plan for the future.  *See* Exhibit A and Exhibit B.

91.       The USCIS' unreasonable delay is preventing Plaintiff-beneficiary from obtaining LPR status in the United States.  This status would provide Plaintiff with the following benefits:  the right to remain lawfully in the U.S. and not be subject to deportation; the right to work in the United States, and the right to pursue U.S. citizenship through naturalization. *See* Exhibit A and Exhibit B.

92.       The DOJ and FBI's unreasonable delay in completing the required NNCP, background and other security checks is preventing USCIS from adjudicating the subject I-140 Petition, and is further causing Plaintiffs substantial and ongoing harm.  *See* Exhibit A.

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1)    Declare that Defendants' delay in adjudicating Plaintiffs' I-140 Petition (including completing the FBI name checks) is unreasonable and in violation of the APA and the INA;

(2)    Compel Defendant Secretary Jeh Jehnson, Defendant Director Leon Rodriguez, Associate Director Donald Neufeld, and Defendant Director Gregory A. Richardson to perform their duties to adjudicate Plaintiffs' I-140 Petition;

(3)    Compel Defendant Attorney General Eric Holder and Defendant Director James B. Comey to complete the name, background and security checks for the subject I-140 Petition;

(4)    Compel Defendants to complete all necessary steps and adjudicate the subject I-140 Petition within fourteen (14) days of an Order of this Court;

(5)    Grant such other relief as this Court deems proper under the circumstances; and

(6)    Grant attorney's fees, expenses and costs of court to Plaintiffs, pursuant to the EAJA.

Respectfully submitted on this 14th day of August 2014.

/s/ Adam J. Rosen, Esquire
U.S. District Court Bar #MD25560
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD  21117
(410) 356-5440
adamr@murthy.com

Attorneys for Plaintiffs